# EX PARTE ERGOHL.

---

### TURNING SAILOR OVER TO CONSUL.

Foreign Seamen—Turning over to Consul.

     Where a foreign seaman has been confined in prison for an offense
which from lack of evidence can never be tried, his application to be
turned over to his consul will be treated as in the nature of a
habeas corpus and granted.

Ex Parte Ergohl.

Opinion filed January 16, 1919.

---

*Mr. Miles M. Martin,* United States District Attorney, for United States.

HAMILTON, Judge, delivered the following opinion:

The facts presented to the court show that Ergohl is a Norwegian formerly serving upon an American vessel and now in jail at San Juan under commitment of the United States Commissioner for the offense of assault upon an officer of his ship. The ship has sailed some time since and with her all evidence of the alleged crime. There is no reason to suppose that she will be back here in any reasonable time, if ever. The question therefore arises what disposition shall be made of the prisoner.

The district attorney is inclined to take whatever steps will amount to a nolle prosequi for lack of evidence, but it is difficult to see how there can be a nolle prosequi or any other course taken in this court, inasmuch as the case has never gone to the grand jury and is not docketed upon the records of this court in any way. In other words, there is no case upon the docket in which to enter an order.

It seems that the Norwegian consul is willing to take charge of the man and ship him upon a Norwegian vessel now in port. This seems to be the best solution of the difficulty, the only question being how the court can make an order of any kind in a case that is not upon its records.

PORTO RICO

Ex Parte Ergohl.

The prisoner has been brought before the court and joins in the application of the district attorney that he be turned over to the Norwegian consul; and it seems to the court that not only is this the best procedure, but that it may be considered perfectly proper as a matter of practice. The court is always open to pass upon applications of persons held in custody for habeas corpus to determine the rightfulness of their detention. Rev. Stat. §§ 754–759, Comp. Stat. §§ 1282–1287, 3 Fed. Stat. Anno. 2d ed. pp. 462, 464, 467–469, prescribe a certain course for habeas corpus proceedings, but, as these are for the purpose of getting the prisoner before the court and this prisoner is already before the court, it does not seem necessary to require technical accuracy. This has previously been held in this court in the case of habeas corpus of Tapia. In the case at bar no one contesting, and it appearing to be the best way of obtaining justice in the matter, an order will be made directing that the prisoner be released by the jailer, but in order that he do not become a charge upon the community he will in such release be turned over to the consul representing his country of Norway.

It is so ordered.